■ STANLEY LESSNE, Respondent, v. ALLIED CHEMICAL CORP., Appellant.— Order of the Appellate Term, First Department, entered on November 24, 1971, affirming a judgment of the Civil Court of the City of New York, County of New York, entered on November 19, 1970, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur — McGivern, J. P., Nunez and Kupferman, JJ.; McNally and Tilzer, JJ., dissent and would reverse and order a new trial for the reasons set forth in the dissenting opinion of Quinn, J., in the Appellate Term.

■ RICHARD N. HOKIN, Appellant, v. DALE M. HOKIN, Respondent.— Order, Supreme Court, New York County, entered June 9, 1972, vacating the default judgment of divorce entered on January 31, 1972, unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements, and the matter remanded for a hearing on the question of the willfulness of the default. The wife claims attorney failure by her former counsel with respect to the default, and the plaintiff husband claims a deliberate default by the wife in order to accomplish the termination of the marriage for reasons of her own. Under the circumstances, the default judgment should not have been vacated without a hearing. (See 1 Foster-Freed, Law and the Family, [rev. ed.], § 16:6, Opening or vacating default judgments.) Concur — Markewich, J. P., Kupferman, McNally, Steuer and Eager, JJ.

■ 50 REALTY Co. et al., Appellants, v. 135 EAST 50TH STREET TENANTS ASSOCIATION et al., Respondents.—Order, Supreme Court, New York County, entered on December 15, 1970, as modified, on reargument, by order entered March 25, 1971, unanimously modified, on the law, to dismiss the counterclaim interposed by defendants-respondents, and otherwise affirmed, without costs and without disbursements. Appeal from order, Supreme Court, New York County, entered June 17, 1971, denying motion of plaintiffs-appellants to dismiss counterclaim, unanimously dismissed as moot, without costs and without disbursements. Following certain court proceedings between plaintiffs-appellants landlords and a number of tenants of their building, plaintiffs sued these defendants for libel said to have been contained in a newsletter of a tenants' association. Special Term dismissed the complaint; though that dismissal was comprised within the notice of appeal, that item of appeal may be deemed abandoned: plaintiffs so stated, in effect, on the argument and neither briefed nor argued the point. Plaintiffs-appellants' attack is on the counterclaim, first upheld by the granting of summary judgment thereon, and then, on reargument, being permitted to survive though summary judgment was then denied, and finally weathering an attack in a new motion. We conclude that, not only should summary judgment on the counterclaim have been denied, but it should have been dismissed without plaintiffs' formal cross motion to that effect. (CPLR 3212, subd. [b].) It is impossible to discern within the outlines of the counterclaim as stated any viable cause of action: though founded on the alleged " harassment " of tenants by landlords in the bringing of many lawsuits, it spells out neither malicious prosecution nor abuse of process; prima facie tort is not charged, there being neither a showing of malice nor special damage; finally, though the Administrative Code is said to have been violated, no cause of action provided therein is pointed to. (See discussion, *Chappelle* v. *Gross*, 26 A D 2d 340.) This is not to say that defendants may possibly have some cause vis-à-vis plaintiffs based on facts not yet revealed to us, and we therefore make it plain that this disposition is not to be read to deprive defendants of the right to pursue any such claim should it exist. Since the counterclaim should not have survived the first attack on it, the later denial of dismissal (order entered June 17, 1971) becomes moot by reason of the first disposition. Concur — McGivern, J. P., Markewich, Nunez, Murphy and McNally, JJ.